Michael W. Collins, State Bar# 197829
**Law Offices of Collins & Lamore**
**Attorneys at Law**
611 W. Civic Center Dr. #203
Santa Ana, CA 92701
(949) 581-9300; FAX# (480) 287-8507

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Eddie Johnson, <br><br> Plaintiff, <br><br> vs. <br><br> D. Scott Carruthers, APLC; Dennis Scott Carruthers; and Does 1 – 10, <br><br> Defendants | Case No.: <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL <br><br> 15 United States Code § 1692 et seq. |

Plaintiff, EDDIE JOHNSON, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This action for statutory damages, attorney fees and costs is brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C.§ 1692:

COMPLAINT - 1

  a. There is abundant evidence of the use of Abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to Marital instability, to the loss of jobs, and to invasions of individual privacy.

  b. Existing laws and procedures for redressing these Injuries are inadequate to protect consumers.

  c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692K(d) and 28 U.S.C. §§ 2201 AND 2202.

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

////

////

////

COMPLAINT - 2

### III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1), in that one or more defendants reside this district. Venue is also proper in this judicial district pursuant to 15 U.SC. § 1692k(d), in that Defendant transacts business in this judicial district and some of the facts related to the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the Southern Division of this Court because one or more defendants reside this district in Orange County.

### V. PARTIES

7. Plaintiff, EDDIE JOHNSON (hereinafter "Plaintiff"), is a natural person residing in Sacramento, CA. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8. Plaintiff is informed and believes, and thereon alleges that Defendant, D. SCOTT CARRUTHERS, APLC (hereinafter "DSC"), is or was at all relevant times, a California professional law corporation engaged in the business of collecting debts in this state with its principal place of business appearing to be located in Orange County, CA at: 8448 Katella, Stanton, CA 90680.

9. The principal business of DSC is the collection of debts using the mails and telephone, and DSC regularly attempts to collect debts alleged to be due another. DSC is a "debt collector" within the meaning of 15 U.S.C. § 1692A(6).

10. Plaintiff is informed and believes, and thereon alleges that Defendant, DENNIS SCOTT CARRUTHERS (hereinafter "CARRUTHERS"), is a natural person engaged in the business of collecting debts in this state with his principal place of business appearing to be located in Orange County, CA at: 8448 Katella, Stanton, CA 90680.

COMPLAINT - 3

11. The principal business of CARRUTHERS is the collection of debts using the mails and telephone, and CARRUTHERS regularly attempts to collect debts alleged to be due another. CARRUTHERS is a "debt collector" within the meaning of 15 U.S.C. § 1692A(6).

12. Does 1 – 10 are additional persons or entities responsible in some way for the harms suffered by Plaintiff as alleged herein, and will be named by their true names upon discovery thereof.

## VI. FACTUAL ALLEGATIONS

13. Plaintiff is alleged to have incurred a financial obligation, namely a consumer debt, with SFM-6 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. On 09/27/2017 Defendants sent a demand letter to Plaintiff of notice of their client SFM-6's intent to sue on alleged debt. However, defendants provided false and misleading information on that letter by providing an inaccurate amount owed and statement of balance. (i.e. principal $2993.39 + 3232.86 = $6,226.25, not $7,190.92) A true and correct copy of the letter received by Plaintiff from Defendants is attached hereto as Exhibit "A".

15. Plaintiff is informed and believes, and thereon alleges, that Defendants did not conduct a professional review of notice of intent to file lawsuit before sending correspondence to Plaintiff. See **Clomon v. Jackson**, 988 F. 2d. 1314 (2nd Cir. And **Avila v. Rubin**, 84 F.3d 222, 228-229 (7th Cir. 1996).

16. Plaintiff is informed and believes, and thereon alleges, that the letter sent to Plaintiff on 09/27/2017 misrepresented the role and involvement of legal counsel.

17. Plaintiff is informed and believes, and thereon alleges, that the letter sent to Plaintiff on 09/27/2017 misrepresented amount due, the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

## VII. CLAIM COUNT I - FDCPA

### FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff brings a claim for relief against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

19. Plaint. incorporates all paragraphs of Complaint as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

21. Defendants, DSC and CARRUTHERS, are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

22. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

23. Defendants has violated the FDCPA, The violations The violations include, but are not limited to, the following.

   a. Defendants DSC and CARRUTHERS falsely represented the character, amount, or legal status of the debt in violation of 15 U.S.C. §§ 1692e(2), 1692e(10), 1692e(13) and 1692e(15);

   b. Defendants DSC and CARRUTHERS falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. § 1692e(3) and 1692e(10); and

   c. Defendants DSC and CARRUTHERS misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. § 1692e, 1692e(3), and 1692e(10);

   d. Defendants DSC and CARRUTHERS falsely represented or implied that attorney had reviewed Plaintiff's account when they had not done so, in violation of 15 U.S.C. § 1692e(3) and 1692e(10);

24. Defendants' acts as described above were done intentionally as it is the responsibility of Defendants to ensure and maintain proper legal status when filing any legal documents.

25. As a result of Defendant's FDCPA violations, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorneys fees, pursuant to 15U.S.C. § 1692k.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume Jurisdiction in this proceeding;

b) Declare that each Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2), 1692e(10), 1692e(11), 1692e(13), 1692e(15), 1692c(a)(2), 1692c(c), 1692(e)3, 1692e, and such other statutes that may be proven at trial;

c) Award Plaintiff statutory damages in an amount not exceeding $1,000 for each occurrence against each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15U.S.C. § 1692k(a)(3);

e) Award Plaintiff actual damages as may be proven at trial;

f) Award Plaintiff such other and further relief as may be just and proper.

Law Offices of Collins & Lamore

_____
Michael W. Collins, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Eddie Johnson, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

_____
Michael W. Collins, Esq.

Exhibit "A"

"A"

**D. SCOTT CARRUTHERS APLC**
8448 KATELLA AVE, BOX 228
STANTON, CA 90680
PH. 800.495.8682 FX: 714.761.1754

09/27/2017

EDDIE JOHNSON
10213 MAGINNES CT
SACRAMENTO, CA 95829

| NOTICE OF DEBT | |
|---|---|
| Principal | : $2,993.39 |
| Interest | : $3,232.86 |
| Total | : $7,190.92 |

**ORIGINAL CREDITOR: LOANME INC. - ACCT#: ██0478**

Dear EDDIE JOHNSON:

Your LOANME INC. loan ("debt") has been purchased by our client, SFM-6 LLC and our firm has been retained by SFM-6 LLC to file a lawsuit on its behalf as a means to collect on this debt. In compliance with Section 1033(b)(2) of the California Code of Civil Procedure, you are hereby notified of such possible legal action. If a lawsuit is filed which results in a judgment against you the amount owed on the debt may increase as you may be liable for additional amount(s) for collection and court costs, interest, and reasonable attorney fees where applicable. If a court judgment is obtained it will legally give our client the right to seek and attach your non-exempt real or non-exempt personal property.

Unless you dispute the validity of the debt, or any portion of thereof within thirty (30) days after receipt of this notice, our client will assume the debt is valid. If you notify our offices in writing within thirty (30) days after receipt of this notice that the debt or any portion thereof is disputed, our office will obtain verification of the debt or a copy of the judgment against you and mail you a copy. Upon your written request within this thirty (30) days after receipt of this notice, our office will provide you with the name and address of the original creditor, if different from the current creditor SFM-6 LLC. If you make this request in writing no lawsuit will be filed until our office has provided you with verification of the debt.

The California Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, debt collectors not contact you before 8 a.m. or after 9 p.m; not harass you by using threats of violence, arrest or by use of obscene language; and not use false, misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, debt collectors may not tell another person, other than your attorney or spouse, about your debt. However, debt collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

D. Scott Carruthers

**SEE REVERSE SIDE OF LETTER FOR YOUR RIGHTS UNDER CC 1788.52**

**This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.**